**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| William Charles Seich, #282200,      ) | |
|                                    ) | |
|                Petitioner,      ) | C.A. No.: 5:16-cv-2464-PMD-KDW |
|                                    ) | |
|            v.      ) | |
|                                    ) | **ORDER** |
| Larry Cartledge,      ) | |
|                                    ) | |
|                Respondent.      ) | |
| _____) | |

This matter is before the Court on Seich's objections to United States Magistrate Judge Kaymani D. West's report and recommendation ("R & R") (ECF Nos. 33 & 30). The Magistrate Judge recommends granting Cartledge's summary judgment motion (ECF No. 24) and denying Seich's rule to show cause motion (ECF No. 18).

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court must conduct a de novo review of any portion of the R & R to which a timely, specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of

the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

*Pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

The Magistrate Judge recommends granting Cartledge's motion for summary judgment because Seich filed his 28 U.S.C. § 2254 petition after the expiration of 28 U.S.C. § 2244's one-year statute of limitations. In his objection, Seich discusses several issues but raises only one objection to the R & R: that his § 2254 petition was timely because he was entitled to equitable tolling of the statute of limitations. The Magistrate Judge thoroughly analyzed Seich's equitable tolling argument and found that it lacked merit. Seich's objection to that conclusion merely restates his argument. As that objection is not proper, the Court overrules it. *See, e.g.*, *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) (stating an objection "that merely restates the arguments previously presented" or "does nothing more than state a disagreement with a magistrate's suggested resolution" is not sufficient to trigger de novo review (citation and quotation marks omitted)). Seich's other "objections" restate arguments he made before the Magistrate Judge about the merits of his case. Those objections are unrelated to the Magistrate Judge's R & R and are therefore irrelevant. The Court has reviewed the R & R for clear error and finds none.

## CONCLUSION

For the foregoing reasons, Seich's lone cognizable objection is **OVERRULED**. Accordingly, the Court **ADOPTS** the R & R, **GRANTS** Cartledge's summary judgment motion, **DENIES** Seich's rule to show cause motion, and **DISMISSES** Seich's § 2254 petition with prejudice.[1]

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**March 29, 2017**
**Charleston, South Carolina**

---

[1] The Court declines to issue a certificate of appealability. Petitioner has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); *Slack v. McDaniel*, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).